IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHASE GOODNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-691-D |
| | ) | |
| JOSEPH K. LESTER, in his official capacity, | ) | |
| as Sheriff of Cleveland County, Oklahoma, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant State of Oklahoma *ex rel.* Board of Regents of the University

of Oklahoma's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 25], filed

pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has timely opposed the Motion, which is fully briefed

and at issue.[1]

Plaintiff brings suit under 42 U.S.C. § 1983 and state law to recover damages for injuries

allegedly sustained during his arrest on the campus of the University of Oklahoma and his detention

in the county jail. As to the Board of Regents of the University of Oklahoma ("University"),

Plaintiff asserts only a claim of negligence based on the conduct of two police officers employed

by the University who allegedly arrested Plaintiff for public intoxication and took him into custody.

When placing Plaintiff into a patrol car, one of the officers allegedly slammed the car door against

Plaintiff's left leg and physically injured it, but the officers did not seek medical treatment for the

---

[1] Other defendants have also filed motions for dismissal, which will be addressed by separate orders.

injury before taking Plaintiff to jail.  Plaintiff alleges that the officers were aware he had a medical condition, hemophilia, that would require immediate medical attention.[2]

Plaintiff asserts his negligence claim against the University pursuant to Oklahoma's Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 151-172.  The University moves for dismissal of this claim based on statutory exemptions for the provision of police protection and jail operations.  *See id*. § 155(6), (24).  Also, noting that Plaintiff asserts claims against the police officers individually for an alleged constitutional violation, the University asserts that its liability may only arise from conduct of the police officers acting within the scope of their employment, that is, "acting in good faith within the duties of the employee's office."  *See id*. § 152(12).  Finally, the University asserts that the negligence claim is time-barred because this action was not filed within the 180-day statutory period for bringing suit.  *See id*. § 157.  Because the time-bar issue may be dispositive, the Court addresses it first.[3]

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] Hemophilia "is a rare bleeding disorder in which the blood doesn't clot normally.  If you have hemophilia, you may bleed for a longer time than others after an injury.  You may also bleed inside you body (internally), especially in your knees, ankles, and elbows.  This bleeding can damage your organs and tissues and may be life threatening."  *See* http:/www.nhlbi.nih.gov/health/health-topics/topics/hemophilia.

[3] The University also notes that Plaintiff's prayer for relief requests punitive damages, and it asserts that such damages are not recoverable under the GTCA.  *See id*. § 154(C).  In his response brief, however, Plaintiff denies that he is seeking punitive damages from the University.

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

The court of appeals has recognized: "'If the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). In assessing the sufficiency of a complaint under Rule 12(b)(6), a court may consider the contents of the pleading, documents that are attached as exhibits or incorporated by reference, documents referred to in the complaint if they "are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," and matters of which a court may properly take judicial notice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

## Discussion

### A.    Time Bar

Plaintiff alleges in the Second Amended Complaint that he provided timely notice of his tort claim as required by the GTCA, Okla. Stat. tit. 51, § 156, and that the claim was deemed denied by operation of law after 90 days on November 30, 2010. *See* Second Am. Compl. [Doc. No. 20], ¶ 30. Plaintiff also alleges that a civil action was brought within the 180-day time period for suit based on a federal case originally filed in this Court on February 17, 2011. The Second Amended Complaint incorporates by reference the "Procedural History" of the First Amended Complaint, which identifies the original action as *Goodnight v. Lester*, Case No. CIV-11-167-D (W.D. Okla.

Feb. 17, 2011). *See* First Am. Compl. [Doc. No. 7], ¶ 9. The incorporated portion of the First Amended Complaint also recites the history of the first suit, which Plaintiff elected to voluntarily dismiss without prejudice on June 1, 2011, in order to refile in the District Court of Cleveland County, Oklahoma, pursuant to Okla. Stat. tit. 12, § 100. *See* First Am. Compl. [Doc. No. 7], ¶ 12. Defendants subsequently removed the second state-court case to federal court, and it became this case. The record reflects that the Plaintiff initiated his second action by filing a petition in state court on May 26, 2011. On that date, Plaintiff's first, federal-court action remained pending.

Based on this timing of events, the University asserts that Oklahoma's savings statute, Okla. Stat. tit. 12, § 100, is not available to preserve Plaintiff's claim for refiling after the expiration of the original time period for suit. This assertion is based on the language of the statute, which provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year <u>after the reversal or failure</u> although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100 (emphasis added). The University notes that Plaintiff commenced his new action before, not after, his first action failed through voluntary dismissal. As legal authority for the proposition that this timing mishap should bar Plaintiff's claim, the University cites *Williams v. Platt*, No. CIV-03-281-C, 2005 WL 1239142, Report & Recommendation, *2 (W.D. Okla. Mar. 31, 2005), *adopted*, 2005 WL 1242185, Mem. Op. & Order (April 29, 2005), in which Magistrate Judge Bacharach found that a plaintiff could not utilize § 100 to refile claims that had previously been brought, and dismissed from a prior action, while the prior action remained pending. In particular, University points to the statement in Judge Bacharach's analysis that until a timely-filed action terminates, "it cannot trigger the savings clause." *Id.* at 2.

4

Plaintiff does not dispute that this action was filed in state court after the initial, 180-day time period for suit under the GTCA had expired. Plaintiff disagrees, however, that the savings statute is inapplicable under the circumstances. Plaintiff notes that the Oklahoma Supreme Court has held that § 100 may be applied to extend the 180-day time limit for filing suit under the GTCA. *See Cruse v. Board of County Comm'rs*, 910 P.2d 998, 1005 (Okla. 1995). Accordingly, Plaintiff contends that where the remedial purposes of § 100 would be served, it should operate to preserve a timely-filed claim even though the 180-day limitation period has expired. Plaintiff argues that his GTCA claim "has been continuously filed in a court of competent jurisdiction since its original filing in the Western District on February 11, 2011," and to dismiss it as time barred "would serve to undermine the public policy of statutes of limitations." *See* Pl.'s Resp. Br. [Doc. No. 26] at 15-16.

The Court agrees that Plaintiff's claim should not be dismissed as time-barred. According to the Oklahoma Supreme Court, "the purpose of § 100 is remedial and its provisions are to be liberally construed." *Wiley Elec., Inc. v. Brantley*, 760 P.2d 182, 184 (Okla. 1988). "[S]ection 100 is intended to preserve the right to commence a new action for the same causes as in the original action and to allow a trial on the merits." *Id*.; *Hamilton ex rel. Hamilton v. Vaden*, 721 P.2d 412, 418 (Okla. 1986). "[T]he statute operates to extend a plaintiff's cause of action one year beyond the action's failure otherwise than on its merits." *Wiley*, 760 P.2d at 184; *see also Hamilton*, 721 P.2d at 417-18 (Section 100 "permits a plaintiff one year to refile his/her cause of action in spite of the fact that the statute of limitations may have run against the action.").

In this case, Plaintiff timely commenced his original action, and it failed otherwise than on the merits when he voluntarily dismissed it in June, 2011. Plaintiff thus had an additional year, until June, 2012, to refile it. In fact, Plaintiff did refile his action in May, 2011, before the one-year period had expired. Thus, Plaintiff's cause of action – his tort claim under the GTCA – is not time-

barred.  This conclusion is consistent with the Oklahoma Supreme Court's holding in *Cruse* that, where a GTCA action has been timely filed, the court's power is invoked, and the action then is controlled by other state laws, including § 100.  *Cruse*, 910 P.2d at 1005.  Further, the Court finds the University's reliance on Judge Bacharach's opinion in *Williams* is misplaced because the circumstances of that case are distinguishable.  Judge Bacharach did not hold that the claims dismissed from the first case were time-barred but, instead, observed that "[i]f the appeals court were to reverse a judgment for Mr. Williams or the claims were to fail other than on the merits [in the prior, pending action], he could arguably invoke the savings statute to file a new action with the claims."  *Id.*  Judge Bacharach concluded that the filing of previously dismissed claims should not be permitted because the action in which they were originally brought had not reached a final conclusion.  In this case, Plaintiff's first action has ended, and he timely filed a new action, which should be allowed to proceed.

For these reasons, the Court finds that Plaintiff's tort claim against the University should not be dismissed as time-barred.

## B.     Statutory Exemptions

The GTCA operates as a waiver of sovereign immunity "only to the extent and in the manner provided by this act."  *See* Okla. Stat. tit. 51, § 152(B).  Certain governmental activities are exempt from this waiver by operation of Section 155, which lists numerous statutory exemptions; no liability arises "if a loss or claim results from" an enumerated activity.  *See id.* § 155.  The University asserts that Plaintiff's tort claim may be excluded by two statutory exemptions, § 155(6) and § 155(24).

The University primarily relies on Section 155(6), which exempts "the failure to provide, or the method of providing, police, law enforcement, or fire protection."  The University candidly admits, however, that the Oklahoma Supreme Court has held the operative word is "protection" and

6

"that immunity therefore attaches under § 155(6) only when police are providing a **protective** service." Def. State of Okla.'s Mot. Dism. [Doc. No. 25], at 5 (emphasis in original); *see Schmidt v. Grady County*, 943 P.2d 595, 598 (Okla. 1997); *see also Salazar v. City of Okla. City*, 976 P.2d 1056, 1066 (Okla. 1999); *Prichard v. City of Okla. City*, 975 P.2d 914, 917 (Okla. 1999). In *Salazar*, the Oklahoma Supreme Court made clear that negligence in carrying out law enforcement duties "– as in actions incident to arrest or imprisonment – must be distinguished from negligently providing protective service. The former activity is unshielded by § 155(6) immunity." *See Salazar*, 976 P.2d at 1066; *accord Morales v. City of Okla. City*, 230 P.2d 869, 876 (Okla. 2010). In this case, the University argues that its police officers found Plaintiff wandering the campus in a drunken state and took him into custody as a protective measure in order to protect both himself and the public from harm. Plaintiff disputes this contention, relying on the allegations of his pleading that he was arrested on a criminal charge and taken to jail despite a need for medical attention.

Limited by the standard of decision under Rule 12(b)(6), the Court must accept as true the allegations of the Second Amended Complaint. The facts alleged by Plaintiff do not establish that he was arrested as a protective service rather than a law enforcement measure. Although the University's argument may ultimately be supported by additional facts of which it is aware, these facts are outside Plaintiff's pleading and cannot be considered in ruling on a motion to dismiss. Thus, the Court finds that the University is not entitled to dismissal of Plaintiff's negligence claim based on the immunity provided by § 155(6).

Similarly, the University concedes that § 155(24) exempts the "[p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility" and that Plaintiff's claim against it is based on the actions of its police officers rather than the jail staff. The University argues that

"Plaintiff was not yet in 'jail' but was in the Officers' custody when he was allegedly not provided with the medical services he now claims to be due."  *See* Def. State of Okla.'s Mot. Dism. [Doc. No. 25] at 8-9.  Like the negligent administration of medicine to an inmate in *Medina v. State*, 871 P.2d 1379 (Okla. 1993), the University contends that the operational level actions of police officers with regard to a custodial arrestee's medical care should be protected by § 155(24).

The University urges an expansive reading of the exemption beyond the plain language of the statute, which is limited to operation of a "prison, jail or correctional facility."  The essence of Plaintiff's negligence claim against the University is the police officers' actions in injuring his leg. Plaintiff emphasizes this reading of his claim in opposition to the University's argument.  *See* Pl.'s Resp. Br. [Doc. No. 26] at 8-9.  Thus, while Plaintiff also brings suit against the officers under 42 U.S.C. § 1983 for an alleged denial of medical care, the Court does not understand the negligence claim against the University under the GTCA to be coextensive with this claim.  Instead, accepting Plaintiff's position that his negligence claim against the University is grounded on his allegation that "officers of OUPD negligently caused a door on its patrol vehicle to be slammed against the left leg of Plaintiff," (*see* Second Am. Compl., ¶ 59), the Court finds this conduct is not immune from liability under § 155(24).

For these reasons, the Court finds that Plaintiff's tort claim against the University should not be dismissed as exempt from liability under the GTCA.

### C.    Scope of Employment

The University asserts that it cannot be liable under the GTCA for misconduct or intentional torts committed by its police officers acting outside the scope of their employment.  This argument focuses on Plaintiff's allegations, made in support of his § 1983 claim against the officers individually, that they acted with deliberate indifference to a serious medical need when they failed

to seek medical treatment of his injury.   Also, the University relies on case law holding that "when, for viability, the tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a GTCA-based suit."  *See Fehring v. State Ins. Fund*, 19 P.3d 276, 283 (Okla. 2001).   Plaintiff's negligence claim is not such a claim.   Further, the Federal Rules of Civil Procedure expressly permit alternative pleading, and "the pleading is sufficient if any one of [the alternative statements] is sufficient."  *See* Fed. R. Civ. P. 8(d)(2).   Therefore, the University is not entitled to dismissal of Plaintiff's tort claim on the ground that the police officers were necessarily acting outside their scope of employment.

## Conclusion

Assessing the Second Amended Complaint under the applicable Rule 12(b)(6) standard, the Court finds that Plaintiff's negligence claim against the University should not be dismissed for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Defendant State of Oklahoma *ex rel*. Board of Regents of the University of Oklahoma's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 25] is DENIED.

IT IS SO ORDERED this 14th day of September, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE