IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHASE GOODNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-691-D |
| ) | |
| JOSEPH K. LESTER, in his official capacity, ) | |
| as Sheriff of Cleveland County, Oklahoma, ) | |
| *et al*., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendants Shane Roddy's and John Bishop's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 38], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has timely opposed the Motion, which is fully briefed and at issue.[1]

Plaintiff brings suit under 42 U.S.C. § 1983 to recover damages for injuries allegedly sustained during his arrest on the campus of the University of Oklahoma and his detention in the county jail. The movants are two police officers employed by the Oklahoma University Police Department (OUPD) who arrested Plaintiff for public intoxication and took him into custody. When placing Plaintiff into a patrol car, one of the officers allegedly slammed the car door against Plaintiff's left leg and physically injured it, but the officers did not seek medical treatment for the injury before taking Plaintiff to jail. Plaintiff alleges that the officers were aware he had a medical condition, hemophilia, that would require immediate medical attention.[2]

---

[1] Other defendants have also filed motions for dismissal, which are addressed by separate orders.

[2] Hemophilia "is a rare bleeding disorder in which the blood doesn't clot normally. If you have hemophilia, you may bleed for a longer time than others after an injury. You may also bleed inside you body (internally), especially in your knees, ankles, and elbows. This bleeding can damage your organs and tissues and may be life threatening." *See* http:/www.nhlbi.nih.gov/health/health-topics/topics/hemophilia.

The OUPD officers move for dismissal of Plaintiff's § 1983 claim, which is brought against them in their individual capacities only, on the grounds that his factual allegations are insufficient to state a constitutional violation and that the officers are entitled to qualified immunity. They also argue that they are immune from suit under the Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-172, and that any tort claim under the Act is time-barred. However, the Second Amended Complaint only asserts a § 1983 claim against the individual OUPD officers, and thus, these latter arguments are disregarded.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## Discussion

The law is clear that a pretrial detainee is entitled under the Due Process Clause of the Fourteenth Amendment "to the degree of protection against denial of medical attention which applies to convicted inmates under the Eighth Amendment." *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). To establish a constitutional violation under this standard, a plaintiff must

show "deliberate indifference to serious medical needs." *Id.* (internal quotation omitted); *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "'Deliberate indifference involves both an objective and a subjective component.'" *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

"The objective component of the test is met if the 'harm suffered rises to a level "sufficiently serious" to be cognizable under the Cruel and Unusual Punishment Clause' of the Eighth Amendment.'" *Martinez*, 563 F.3d at 1088 (quoting *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005)). "[I]t is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee has contact with the prisoner.'" *Id.* (quoting *Mata*, 427 F.3d at 753). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (internal quotation omitted); *see Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010). Upon consideration of Plaintiff's pleading in this case, the Court finds minimally sufficient allegations to suggest that a serious medical need existed during the time period that Plaintiff was in the custody of the OUPD officers. The Second Amended Complaint states that Plaintiff had a diagnosed medical condition, hemophilia, and that the slam of the patrol car's door against Plaintiff's left leg "caused a physical injury to the leg." *See* Second Am. Compl. [Doc. No. 20], ¶ 16. Although Plaintiff does not allege that the injury was severe, in light of his hemophilic condition, Plaintiff might be found to have suffered a sufficiently serious harm to satisfy the objective component.

To establish the subjective component, a plaintiff must show that prison officials "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to

abate it." *Martinez*, 563 F.3d at 1089 (internal quotation omitted). To violate the Eighth Amendment, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, a plaintiff may establish "that a prison official subjectively knew of the substantial risk of harm by circumstantial evidence or 'from the very fact that the risk was obvious.'" *Martinez*, 563 F.3d at 1089 (quoting *Farmer*, 511 U.S. at 842). "Unlike the objective component, the symptoms displayed by the prisoner are relevant to the subjective component of deliberate indifference. The question is: 'were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?'" *Id.* (quoting *Mata*, 427 F.3d at 753).

In this case, the Court finds no factual allegations in the Second Amended Complaint from which to infer that the OUPD officers knew of and disregarded a substantial risk of harm to Plaintiff. Plaintiff alleges that he informed the officers of his hemophilia <u>before</u> the injury to his leg occurred. *See* Second Am. Compl. [Doc. No. 20], ¶ 17. Plaintiff does not allege that he informed the officers of the significance of this fact after he was injured, that he informed them the injury needed immediate medical attention, or that he asked the officers to obtain medical care for him. Plaintiff also does not allege that he exhibited any symptoms that would have conveyed to the officers that he needed immediate medical attention. To the contrary, the Second Amended Complaint states that "[d]uring the course of Plaintiff's booking and confinement, his left leg began to swell noticeably." *Id.* ¶ 22. In other words, the symptoms on which Plaintiff relies to establish an obvious sign of medical need surfaced after the OUPD officers had delivered Plaintiff to the jail. The only factual allegations from which to conclude that the OUPD officers knew of a risk of harm are that they knew of Plaintiff's hemophilia and they knew he had been injured by the car door. Plaintiff

apparently believes that the risk of harm associated with hemophilia is obvious, even without any need for him to request medical assistance. Because hemophilia is a rare condition, and one with which most people have no experience, the Court does not find this to be a reasonable inference.

Plaintiff relies on an alleged factual similarity between this case and the circumstances of *Olsen v. Layton Hills Mall*, 312 F.3d 1304 (10th Cir. 2002), in which a person diagnosed with obsessive-compulsive order (OCD) suffered panic attacks when he was wrongly arrested and taken to jail. Although the arresting officer and jail staff were informed of his disorder and his need for medication to address the panic attacks, the arrestee was denied his medication throughout the detention until he was released on bond. In support of his claim against the arresting officer, the arrestee claimed that he suffered a panic attack on the ride to jail and that he twice told the officer about the attack but received no response. In denying summary judgment to the officer, the court of appeals found sufficient facts from which to infer that the officer may have known of, and disregarded, an excessive risk to the arrestee's health. In reaching this conclusion, the court of appeals found a jury issue as to whether the officer ignored the arrestee's pleas for assistance. *See id*. at 1317.

In *Olsen*, unlike this case, the arresting officer was allegedly informed of the arrestee's need for medical assistance while he was still in the officer's custody. The Second Amended Complaint in this case does not allege that Plaintiff requested assistance from the OUPD officers or that they were aware of facts from which their deliberate indifference to a serious medical need can be inferred. Accordingly, the Court finds insufficient factual allegations to state a constitutional claim against the OUPD officers.

**Conclusion**

Assessing the Second Amended Complaint under the applicable Rule 12(b)(6) standard, the Court finds that Plaintiff's § 1983 claim against the OUPD officers should be dismissed for failure to state a claim upon which relief can be granted.[3]

IT IS THEREFORE ORDERED that Defendants Shane Roddy's and John Bishop's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. No. 38] is GRANTED. Plaintiff's claims against Defendants Roddy and Bishop are dismissed, but the dismissal is without prejudice to a future request by Plaintiff to file an amended pleading, if appropriate.

IT IS SO ORDERED this 14th day of September, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff does not request leave to amend his pleading if the Court finds the Second Amended Complaint fails to state a claim against the officers. However, because the case will go forward as to other defendants, the dismissal will be without prejudice to a future request for leave to amend, if the request is made within the deadline for amended pleadings to be established at the initial scheduling conference.